IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JACOB BLAIR SCOTT,                                                              PLAINTIFF

V.                                                      CIVIL ACTION NO. 1:21-CV-318-TBM-RPM

JACKSON COUNTY, MS, ET AL.,                                                DEFENDANTS

### **REPORT AND RECOMMENDATIONS**

### I.   **Introduction**

On October 21, 2021, plaintiff Jacob Blair Scott ("Scott") filed a Complaint alleging numerous claims against defendants Jackson County, MS, Mark Maples ("Chancellor Maples"), Amanda Capers ("Capers"), Matthew Lott ("Lott"), Lott Law Firm LLC ("Lott Law Firm"), and Jamie Marie Rouse ("Rouse"). Doc. [1]. Before the Court is a motion to dismiss filed by defendants Capers, Lott, Lott Law Firm, and Rouse (collectively, "Law Firm defendants"). Doc. [3]. This motion is opposed. Doc. [14].

### II.   **Factual Allegations**

In February 2017, Scott was arrested on sexual assault charges; he pleaded not guilty. Doc. [1], Ex. 1, at 6. Scott's then-wife, Rouse, filed for divorce through her retained attorney, Lott, around this time. *Ibid.* To raise the cost of litigation, Scott alleges, Lott Law Firm paralegal Capers sent "frivolous" emails to Scott's counsel. *Ibid.* After Scott incurred $8,000.00 in attorneys' fees, Scott's first attorney withdrew from the case. *Ibid.* Scott subsequently obtained new counsel. *Ibid.* On January 5, 2018, Chancellor Michael L. Fondren ("Chancellor Fondren") conducted a trial in connection with the division of marital property. *Id.*, Ex. 1, at 6–7. At trial, Lott allegedly slandered Scott by telling a nonparty that Scott raped and impregnated Rouse's minor daughter. *Id.*, Ex. 1, at 7. Since he was not charged with "rape," Scott alleges, this statement amounts to slander. *Id.*,

1

Ex. 1, at 6–7 (citing Miss. Code Ann. §§ 97–3–97, 97–5–23). Equitably distributing the marital property, Chancellor Fondren awarded permanent periodic alimony and attorneys' fees to Rouse. Doc. [1], Ex. 4. Chancellor Fondren also found Scott in contempt and sanctioned him. *Ibid.*

Around this time, Scott allegedly began experiencing threats and violence in connection with his pending criminal charges. Doc. [1], Ex. 1, at 8. For example, tacks were allegedly thrown on his lawn and his car was allegedly vandalized. *Ibid.* Prior to his criminal trial, Scott absconded from Mississippi. *Ibid.* On January 28, 2020, U.S. Marshals discovered Scott living in Antlers, OK and arrested him. *Ibid.* After Scott's arrest, law enforcement officials seized Scott's motorcycle, camper van, and "larger motor home" along with valuables therein (collectively, "Oklahoma property"). *Ibid.* On February 7, 2020, Lott, on behalf of Rouse, filed an emergency motion for a temporary restraining order ("TRO") in Mississippi chancery court. *Id.*, Ex. 8. According to Scott, Capers "deceptively" drafted the motion to "launch a cloak of protection for Larceny" of Scott's Oklahoma property. *Id,* Ex. 1, at 9; Ex. 8. Scott also alleges that the motion was libelous because it characterized Scott as a child rapist. *Id.*, Ex. 1, at 9–10. Granting Rouse's emergency motion for a TRO, Chancellor Maples directed that Scott's Oklahoma property be held by Rouse pending further order of the Court. *Id.*, Ex. 1, at 9–10, 14; Ex. 8, 16.[1] According to Scott, he was "never served" with the emergency order and only received a copy from his mother. *Id.*, Ex. 1, at 10.

In compliance with the Order, Lott travelled to Oklahoma to collect the Oklahoma property pending Chancellor Maples' final decision. Doc. [1], Ex. 1, at 10.[2] Upon arrival, Lott allegedly slandered Scott by informing Scott's friend, Gregory Pigg ("Pigg"), that Scott raped Rouse's minor daughter. *Id.*, Ex. 1, at 10–11. Purportedly feeling "intimidated" by Lott, Pigg led Lott to Scott's

---

[1] Chancellor Maples reasoned that such a TRO was warranted in light of Scott's past conduct, including faking his own death and absconding from Mississippi. *Id.*, Ex. 8, at 2.
[2] According to Scott, Rouse travelled to Oklahoma with Lott. Doc. [1], Ex. 1, at 13. However, Rouse's sworn statements reflect the opposite. *Id.*, Ex. 13.

Oklahoma property. *Id.*, Ex. 1, at 11. Lott "illegally" seized at least some of the Oklahoma property and returned to Mississippi. *Id.*, Ex. 1, at 11–12.

On June 4, 2020, Chancellor Maples conducted a hearing in connection with the reopened divorce proceedings; Scott attended with counsel. Doc. [1], Ex. 1, at 12, Ex. 13. During these proceedings, Scott alleges, Chancellor Maples made statements demonstrating his prejudice against Scott. *Id.*, Ex. 1, at 13. Scott also alleges that Chancellor Maples intentionally inflicted emotional distress upon him by "mockingly" questioning the whereabouts of the Oklahoma property. *Id.*, Ex. 1, at 16. On December 9, 2020, Chancellor Maples entered final judgment and awarded, *inter alia*, Scott's social security payments and Oklahoma property to Rouse. *Id.*, Ex. 18. By ordering the Oklahoma property to be seized, Scott alleges, Chancellor Maples' ruling was made in the complete absence of jurisdiction. *Id.*, Ex. 1, at 15. Scott further claims that Chancellor Maples' decision contains errors reflecting his "bias and manipulation." *Id.*, Ex. 1, at 17. In 2021, Scott subsequently moved for replevin and recusal. *Id.*, Ex. 1, at 16–17. After these motions were denied, Scott appealed Chancellor Maples' final decision. *Ibid.*

### III. Analysis

#### A. Subject-Matter Jurisdiction

Under Rule 12(b)(1), a party or claim can be dismissed for lack of subject matter jurisdiction. *Beleno v. Lakey*, 306 F. Supp. 3d 930, 938–39 (W.D. Tex. 2009). In evaluating a Rule 12(b)(1) motion, the Court "must take all of the factual allegations in the complaint as true, but . . . [it is] not bound to accept as true a legal conclusion couched as a factual allegation . . . . [A] district court is empowered to find facts as necessary to determine whether it has jurisdiction." *Daniel v. Univ. of Texas Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020) (quoting *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)).

At the threshold, the Court addresses the Law Firm defendants' subject-matter jurisdiction argument. Doc. [4], at 3–4. They argue that this Court lacks subject-matter jurisdiction because a nearly identical case is currently pending before the Mississippi Supreme Court. *Ibid.* While the Law Firm defendants provide no legal authority for their position, it is apparent that they believe that the *Rooker–Feldman* doctrine applies here.

Under the *Rooker–Feldman* doctrine, "[f]ederal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Storyville Dist. New Orleans, LLC v. Canal St. Dev. Corp.*, 785 F. Supp. 2d 579, 586 (E.D. La. 2011) (collecting cases). "This is because Congress gave the Supreme Court exclusive jurisdiction to review such judgments." *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (citation omitted). Nevertheless, the doctrine is "narrow[,]" *Lance v. Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam), and only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments[,]" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Relevant here, "*Rooker–Feldman* is inapplicable where a state appeal is pending when the federal suit is filed." *Miller*, 35 F.4th at 1010. Since the Law Firm defendants concede that the related state-court proceeding was still pending on appeal when Scott filed suit in federal court, *see, e.g.*, Doc. [4], at 3–4, the *Rooker–Feldman* doctrine does not apply, *Miller*, 35 F.4th at 1010. This argument fails.

### B. Service of Process

#### i. Capers

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). "For service to be

4

effective, a plaintiff must comply with the mandates of Federal Rule of Civil Procedure 4." *Coleman v. Carrington Mortg. Servs., LLC*, No. 419CV00231ALMCAN, 2021 WL 1725523, at *1 (E.D. Tex. Apr. 12, 2021), *adopted*, No. 4:19–CV–231, 2021 WL 1721706 (E.D. Tex. Apr. 30, 2021). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

In connection with service of process, the Law Firm defendants argue that Scott failed to properly serve Capers. Doc. [4], at 1. In support, they simply state that Capers was "never served." *Id.*, at 1. However, the record reflects that the summons was returned executed as to Capers. Doc. [5]. At present, their argument fails.

### ii.    Lott Law Firm

The Law Firm defendants also argue that the "Lott Law Firm, LLC" does not exist and, therefore, defendant Lott Law Firm must be dismissed from the case for lack of service. Doc. [4], at 2. Under Rule 4(b), "[t]he summons shall . . . contain the . . . the names of the parties, [and] be directed to the defendant[.]" Fed. R. Civ. P. 4(b). However, "Rule 4 is a flexible rule which is liberally construed to uphold service as long as defendant receives sufficient notice of the complaint." *Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Cal. 1989). As such, "'[t]echnical defects contained within a summons do not justify dismissal unless a party is able to demonstrate actual prejudice.'" *Browning v. Petroleum Helicopters, Inc.*, No. CIV. A. 95–0241, 1995 WL 237024, at *2 (E.D. La. Apr. 21, 1995) (quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir.1994)). *See also Fed. Deposit Ins. Corp. v. Swager*, 773 F. Supp. 1244, 1250 (D. Minn. 1991). In reviewing for actual prejudice, the Court may consider whether the factual allegations in the Complaint put the defendant on notice. *Ibid.* Ultimately, "a suit at law is not a children's game,

5

but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court." *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir. 1977).

In this case, the relevant defendant's business name, as reflected under Lott's signature line in the motion to dismiss, is almost identical to Scott's erroneous version: the firm utilizes the name "Lott Law Firm," but Scott sued "Lott Law Firm, LLC." Doc. [1, 4]. Furthermore, Lott does not deny that he is a properly-named defendant, Doc. [3, 4], and the exhibits attached to Scott's Complaint include Lotts' own filings, which also state "Lott Law Firm" underneath his name, *see*, *e.g.*, Doc. [1], Ex. 8, at 4. Self-evidently, the correct Lott Law Firm received sufficient notice and fell far short of demonstrating actual prejudice flowing from Scott's scrivener's error. *See, e.g., Kroetz v. Aft–Davidson Co.*, 102 F.R.D. 934, 936–37 (E.D.N.Y. 1984) (finding sufficient service where represented plaintiff served defendant under trade, not legal, name). This argument fails.

### C. Frivolousness

Next, the Law Firm defendants argue that Scott's Complaint is "nonsensical" and "solely" intended to "attack" innocent third parties. Doc. [4], at 1. The Law Firm defendants do not put forth any reasons why Scott's 32-page, single-spaced Complaint is frivolous. *Id.*, at 1–2. Presumably, the Law Firm defendants argue that the Complaint is facially frivolous. "A complaint is 'frivolous' if it lacks an arguable basis in law or fact . . . ." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001) (per curiam) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).

Factually, a Complaint is frivolous when it contains "'allegations that are fanciful, fantastic, and delusional.'" *Barnes v. United States*, 800 F. App'x 284, 286 (5th Cir. 2020) (quotation omitted), *cert. denied*, 141 S.Ct. 1274, 209 L.Ed.2d 13 (2021). *See also Attia v. Hard Rock Casino*, No. 1:20–CV–332–RPM, 2021 WL 2228062, at *3 (S.D. Miss. June 2, 2021).[3] Self-evidently,

---

[3] While the above definition of frivolity arises in the Section 1915 context–and Scott paid the filing fee, courts routinely apply this definition in fee-paid *pro se* lawsuits. *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *aff'd*, 41 F.3d

Scott's Complaint is not *factually* frivolous. *Compare* Doc. [1], Ex. 1, *with Tyler*, 151 F.R.D. at 540. Turning to legal frivolity, "a complaint lacks . . . a basis [in law] if it relies on an indisputably meritless legal theory." *Taylor*, 257 F.3d at 472 (citation omitted). On its face, Scott's entire Complaint is not legally frivolous.[4] For example, Scott alleges that Lott slandered him by calling him a child rapist. Doc. [1], Ex. 1. This argument also fails.

### D. Rule 12(b)(6) Arguments

#### i. Standard of Review

In evaluating a Rule 12(b)(6) motion to dismiss, the Court "must accept all well-pleaded facts as true, and [] view them in the light most favorable to the plaintiff." *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* "Threadbare recitals of the elements of a cause of action, [however,] supported by mere conclusory statements, do not suffice[]" as factual allegations and are viewed instead as legal conclusions couched as factual allegations. *Ibid.* Finally, the Court's review encompasses: "'the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of

---

1500 (2d Cir. 1994); *Accident Ins. Co. v. Blanchet*, No. CIV.A. 13–0387, 2013 WL 3868091 (W.D. La. July 22, 2013); *Norton v. F.B.I.*, No. ED CV 08–01829–VAP, 2010 WL 431367 (C.D. Cal. Jan. 28, 2010).

[4] In passing, the standard utilized to review for frivolity is more restrictive than the Rule 12(b)(6) standard and is treated as legally distinct. *Neitzke v. Williams*, 490 U.S. 319, 325–26, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

7

which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quotation omitted).

### ii. Constitutional Claims

The Law Firm defendants next argue that Scott failed to state constitutional claims against them because (i) they are not state actors, and (ii) only intentional conduct is legally cognizable under Section 1983. Doc. [4], at 2–3. With regard to the Law Firm defendants' first argument, a private actor may be sued under Section 1983 claim "if he conspired with or acted in concert with state actors." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)). Broadly speaking, Scott alleged a conspiracy between Lott, Rouse, and Chancellor Maples. Doc. [1], Ex. 1. Chancellor Maples is a state actor. *See*, *e.g.*, *Bowen v. Keys*, No. 3:20–CV–296–DPJ–FKB, 2020 WL 4228160, at *5 (S.D. Miss. July 23, 2020); *Davis v. City of Vicksburg, Miss.*, No. 3:13–CV–886 DCB–MTP, 2015 WL 4251008, at *2 (S.D. Miss. July 13, 2015). Turning to the defendants' second argument, Section 1983 claims do not universally require an intent to harm. *See*, *e.g.*, *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (noting that Eighth Amendment failure to protect claim requires deliberate indifference). Without more, these arguments fail at this time.

### iii. Claim Preclusion

Finally, the Law Firm defendants argue that Scott's lawsuit is barred by claim preclusion. Doc. [4], at 2. Since Scott's first lawsuit arose in state court, the Court applies Mississippi claim preclusion doctrine. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381–82, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). "In Mississippi, the doctrine of . . . [claim preclusion] requires four identities to be present before it applies: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of

the quality or character of a person against whom the claim is made." *Hill v. Carroll Cnty.*, 17 So.3d 1081, 1085 (Miss. 2009) (citation omitted). "When those identities are present, [claim preclusion] precludes 'parties from litigating in a second action claims within the scope of the judgment of the first action.'" *Clark v. Neese*, 262 So.3d 1117, 1122–23 (Miss. 2019) (quotation omitted). Finally, a trial court decision has preclusive effect even if the first action is pending on appeal. *Smith v. Malouf*, 597 So.2d 1299, 1301–2 (Miss. 1992). Cf. *Miller*, 35 F.4th at 1010.

Here, the Law Firm defendants' argument, which seeks dismissal of the entire complaint on claim preclusion grounds, fails because at least one identity does not appear to be present. In particular, the cases involve different parties. In the state court case, the parties are Rouse, Scott, and Melody Scott. *See*, *e.g.*, Doc. [1], Ex. 18. By contrast, the parties in this case are Scott; Jackson County, MS, Rouse, Chancellor Maples, Lott, the Lott Law Firm, and Capers. Doc. [1]. Without more, the present parties do not appear to be in privity with the state case parties. Cf. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So.2d 224, 236–37 (Miss. 2005). Since the Law Firm defendants presently seek dismissal of the entire lawsuit on claim preclusion grounds and at least one identity appears not to be present, the Law Firm defendants' claim preclusion argument fails at this time. *Hill*, 17 So.3d at 1085.

For these same reasons, the Court denies the Law Firm defendants' motion for attorneys' fees and sanctions.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Law Firm defendants' [3] motion to dismiss should denied without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 22nd day of July 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE