# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JACOB BLAIR SCOTT**                                                                                 **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 1:21-cv-318-TBM-RPM**

**JACKSON COUNTY, MS** *et al*                                                        **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [19] entered by United States Magistrate Judge Robert P. Myers on July 22, 2022. In the Report and Recommendation, Judge Myers explains that the Plaintiff, Jacob Blair Scott, filed suit in this Court against multiple Defendants, including a Mississippi Chancery Court Judge, Mark Maples. Chancellor Maples filed a Motion to Dismiss [12] his official capacity claims based on sovereign immunity and his individual claims based on judicial immunity. Judge Myers recommends that Chancellor Maples' Motion to Dismiss [12] be granted and that Chancellor Maples be dismissed from this action.

A copy of the Report and Recommendation was mailed to Scott via United States Postal Service on July 22, 2022. Pursuant to 28 U.S.C. § 636(b)(1), objections to a Report and Recommendation must be filed within fourteen days. On July 29, 2022, Scott filed a "Motion for status" [21] which reflected an updated address. Out of an abundance of caution, the Court mailed a copy of the Report and Recommendation [19] to the updated address and directed Scott to file any objections by August 15, 2022. On August 3, 2022, the Court became aware that Scott was moved, and again mailed a copy of the Report and Recommendation [19] to his updated address directing Scott to file any objections by August 17, 2022. Scott then filed Objections [25] to the Report and Recommendation [19].

## I. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Here, Scott does not object to the dismissal of the official capacity claims asserted against Chancellor Maples based on sovereign immunity. Instead, Scott objects to the finding that Chancellor Maples is entitled to judicial immunity for the individual capacity claims asserted against him. This Order focuses only on the portions of the Report and Recommendation to which Scott raised objections, as the Court has reviewed the remainder of the Report (*i.e.*, the portions not objected to) and has found it is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1).

## II. ANALYSIS AND DISCUSSION

In the Report and Recommendation, Judge Myers explained that there are two exceptions to the general rule of judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity;" and (2) "a judge is not immune from actions,

2

though judicial in nature, [that] are taken in the complete absence of all jurisdiction." [19], pg. 6 (citing *Bowling v. Roach*, 816 F. App'x 901, 906 (5th Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). Because Scott's allegations against Chancellor Maples clearly arise out of Chancellor Maples' judicial acts, Judge Myers found that Scott could not proceed against Chancellor Maples under the first judicial immunity exception.[1]

Turning to the second exception to judicial immunity, Judge Myers analyzed whether Chancellor Maples acted in the "complete absence of jurisdiction." In his Complaint [1], Scott alleges that Chancellor Maples reopened his divorce proceedings, granted an *ex parte* motion for a temporary restraining order, and seized Scott's property in Oklahoma. Judge Myers found that in Mississippi, chancery courts have subject matter jurisdiction over divorce proceedings where one spouse is domiciled in Mississippi. Scott concedes that his ex-wife resides in Mississippi. Accordingly, Judge Myers found that Chancellor Maples did not act in "complete absence of jurisdiction" in reopening Scott's divorce proceedings upon motion of his ex-wife. Next, Judge Myers found that Mississippi law allows Chancellors to grant an emergency *ex parte* motion for a temporary restraining order, and that Chancellor Maples did not act in "complete absence of jurisdiction" in granting such motion. [19], pg. 8 (citing Miss. R. Civ. P. 65; *C.M. v. R.D.H., Sr.*, 947 So. 2d 1023, 1028-29 (Miss. Ct. App. 2007)). Finally, Judge Myers found that because the division of marital property merely implicates personal, not subject-matter jurisdiction, Chancellor Maples did not act in "complete absence of jurisdiction" in exercising personal jurisdiction over Scott's Oklahoma property. [19], pg. 8. Accordingly, Judge Myers found that Chancellor Maples is entitled to judicial immunity.

---

[1] Scott does not object to this finding and the Court does not find it clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b)(1).

Scott objects to Judge Myers' finding and argues that Chancellor Maples lacked "jurisdiction of person" over him because "he was not served any summons, copy of TRO, or court order prior to seizure of his social security monies or tangible property in Oklahoma." [25], pp. 1-2. However, as recognized by Judge Myers, Rule 65(b) of the Mississippi Rules of Civil Procedure allows an *ex parte* temporary restraining order to be granted if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition." M<small>ISS</small>. R. C<small>IV</small>. P. 65. Upon review of the record, the Court finds that Chancellor Maples was presented with evidence that "immediate and irreparable injury" would occur if the *ex parte* temporary restraining order was not granted. [1-8], pg. 2 (explaining that "Scott faked his own death and caused [his ex-wife] extreme financial loss that if the assets are not seized they will disappear and be disposed of before the interest can be preserved and assessed."). Despite Scott's declaration that neither his ex-wife nor her attorney "showed just cause for a TRO," the Court finds his argument without merit.

In liberally construing Scott's objections, it appears that he also objects to Judge Myers' finding that Chancellor Maples did not act in "complete absence of jurisdiction" in reopening Scott's divorce proceedings. Scott argues that Chancellor Maples "used abuse of discretion and was arbitrary and unreasonable when he seized property *not* in dispute of an ongoing litigation." [25], pp. 1-2. But as explained by Judge Myers in the Report and Recommendation, chancery courts in Mississippi have subject matter jurisdiction over divorce proceedings. Therefore, as the chancellor presiding over Scott's divorce proceeding, Chancellor Maples had subject matter jurisdiction to reopen the proceedings upon the motion of Scott's ex-wife. Scott's objection is without merit.

Having conducted a *de novo* review of the objected-to portions of the Report and Recommendation [19], the Court finds no grounds for modifying Judge Myers' findings and conclusions.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Jacob Blair Scott's Objections [25] to the Report and Recommendation [19] are OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED the Report and Recommendation [19] entered by United States Magistrate Judge Robert P. Myers on July 22, 2022, is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that Chancellor Maples' Motion to Dismiss [12] is GRANTED.

THIS, the 27th day of September, 2022.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE